1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11   JAMES M. MILLIKEN,                    )   Case No.: 1:11cv01167 AWI DLB (PC)
                                            )
12                     Plaintiff,           )
                                            )
13         v.                               )   FINDINGS AND RECOMMENDATIONS
                                            )   REGARDING DEFENDANT'S MOTION TO
14   C. J. MILLER, et al.,                  )   DISMISS
                                            )
15                     Defendants.          )   (Document 27)
                                            )
16   _____       )

17         Plaintiff James M. Milliken ("Plaintiff"), a state prisoner proceeding pro se and in forma

18   pauperis, filed this civil rights action on July 15, 2011.  This action is proceeding on Plaintiff's claim

19   of retaliation against Defendant Gregory.  All other claims and Defendants have been dismissed.

20         On June 11, 2013, Defendant filed an unenumerated Rule 12(b) Motion to Dismiss based on

21   exhaustion.  Despite being properly served with the Motion and necessary warnings, Plaintiff did not

22   file an opposition or otherwise contact the Court.[1]

23         On October 18, 2013, the Court ordered Plaintiff to respond, or file a notice of non-opposition.

24   The Court warned Plaintiff that if he did not file an opposition, the motion would be decided without

25   the benefit of his input.  Plaintiff did not comply with the order.

26   _____

27   [1]  In Defendant's June 11, 2013, notice, filed concurrently with his Motion to Dismiss, Plaintiff was provided with notice
     of the requirements for opposing a motion to dismiss for failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14
28   (9th Cir. 2003).

                                                1

1    **A.    LEGAL STANDARD**

2         Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with

3    respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

4    in any jail, prison, or other correctional facility until such administrative remedies as are available are

5    exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative

6    remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v.

7    Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief

8    sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

9    731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison

10   life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). An administrative grievance must

11   alert the prison to the nature of the wrong for which redress is sought. Griffin v. Arpaio, 557 F.3d

12   1117, 1120 (9th Cir. 2009).

13        The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under

14   which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549

15   U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject

16   to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the

17   pleadings and decide disputed issues of fact. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012);

18   Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court

19   concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones,

20   549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

21   **B.    APPEALS PROCESS**

22        The California Department of Corrections and Rehabilitation has an administrative grievance

23   system for prisoners to appeal any departmental decision, action, condition, or policy having an

24   adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the relevant times, a

25   prisoner must proceed through an initial informal level and three formal levels of review, culminating

26   in a third-level decision. Cal. Code Regs. tit. 15, § 3084.5. In order to satisfy section 1997e(a),

27   California state prisoners are required to use this process to exhaust their claims prior to filing suit.

28   Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

**C.      PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on January 23, 2010, while housed at California State Prison, Corcoran ("Corcoran"), he was moved to 4A4L-Cell # 29.  The building was in horrible condition and Plaintiff and his cellmate began submitting grievances.

On or around February 15, 2010, Defendant Gregory came to Plaintiff's cell with another officer.  They asked if Plaintiff and his cellmate wanted to shower.  Plaintiff and his cellmate said, "yes."  After they were both cuffed, the door was opened and Defendant and the other officer grabbed them and forced them into their cell and against the wall.  The other officer put his arm against the back of Plaintiff's neck, forcing his head against the wall.  Defendant Gregory did the same to Plaintiff's cellmate.

Defendant Gregory then asked "what the fuck" was up and said "all you mother fuckers do is file 602s…do I look like I enjoy doing paperwork?"  Compl. 6.  Plaintiff's cellmate told Defendant that their 602s had nothing to do with him.  Defendant Gregory responded that if they come across his desk, then they have something to do with him.  He warned, "I better not see another 602 leave this cell."  Compl. 6-7.

Plaintiff and his cellmate were then uncuffed.  The did not receive showers.

On February 19, 2010, Plaintiff filed a 602 on Defendant Gregory and the other officer.  Plaintiff alleges that this 602 was "never seen again."  Compl. 7.

**D.      DISCUSSION**

Defendant's motion is based on his contention that although Plaintiff filed three exhausted grievances and one unexhausted grievance between the date of the incident and the filing of this action, these grievances did not relate to the alleged retaliation in February 2010.

In support, he submits the declarations of J. D. Lozano, Chief of the Office of Appeals (formerly, the Inmate Appeals Branch), and N. Jackson, Appeals Coordinator at Corcoran.  Chief Lozano declares that the Office of Appeals' records disclose that between February 15, 2010, and July 15, 2011, the date this action was filed, Plaintiff submitted three inmate appeals that were accepted and adjudicated for Director's Level review.  Lozano Decl. ¶ 3.  These three appeals related to medical treatment, alleged destruction of property and alleged improper screening.  Lozano Decl., Ex. 1-3;

Jackson Decl., Ex. 1-3.  None of the exhausted appeals related to Defendant Gregory's alleged retaliation in February 2010.  Lozano Decl. ¶ 3; Jackson Decl. ¶ 4.

The records also reveal that between February 15, 2010, and July 15, 2011, the Office of Appeals screened out five appeals filed by Plaintiff at the third level of review.  Of these five unexhausted appeals, three related to living conditions and two related to "legal" issues.  Lozano Decl. ¶ 5.

Finally, Plaintiff submitted one appeal between February 15, 2010, and July 15, 2011, that were rejected at the first level of review.  The unexhausted appeal was related to property issues and was screened out on December 30, 2010.  Jackson Decl. ¶ 5.

Given the evidence before the Court, including the Declarations of J. Lozano and N. Jackson, the Court finds that Defendant has met his burden as the moving party by demonstrating the absence of any evidence that exhaustion occurred.  Wyatt, 315 F.3d at 1119.

The burden therefore shifts to Plaintiff to produce evidence demonstrating either exhaustion or the existence of circumstances excusing exhaustion.  Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).  However, Plaintiff did not file an opposition or otherwise respond to Defendant's evidence.

To be sure, the Court examined Plaintiff's verified complaint, in which he states that he filed a 602 related to the incident on February 19, 2010, but the appeal "was never seen again."  Compl. 5.  In Exhibit 3, attached to his complaint, Plaintiff includes a 602 that was sent directly to the Office of Appeals.  The 602 is dated July 9, 2010, and alleges that Plaintiff's appeals, including the one related to the February 15, 2010, incident, end up "missing."  In the sheets attached to the 602, he explains the incident involving Defendant Gregory and requests that his complaint be processed and that Defendant Gregory and others stop harassing him and be punished.  On August 20, 2010, the Office of Appeals rejected the appeal because it was not accepted and completed through the Second Level of Review.

It then appears that Plaintiff tried to file the appeal at the First Level, but it was screened out as time barred on September 3, 2010.  On September 9, 2010, Plaintiff wrote a letter to the Appeals Coordinator at Corcoran explaining that he tried to file a 602 at the First Level within the time limits, but his appeals were never processed.  He states that his only option was to file at the Third Level.  On

September 13, 2010, the appeal was again screened out at the First Level because Plaintiff combined issues and was trying to circumvent the appeals process by submitting his appeal directly to the Office of Appeals in July 2010.

Plaintiff then attempted to file his appeal again directly at the Third Level.  On November 4, 2010, the Office of Appeals rejected the appeal because it was not accepted and completed through the Second Level of Review.

Because Plaintiff did not file an opposition, the Court is left to determine whether the statements and evidence in Plaintiff's verified complaint meet his burden of demonstrating that he exhausted, or that exhaustion was not available.  To demonstrate that administrative remedies were unavailable due to improper screening, Plaintiff must establish (1) that he actually filed a grievance, that if pursued through all levels of administrative appeals, "would have sufficed to exhaust the claim" that he seeks to pursue, and (2) that prison officials screened out his grievance "for reasons inconsistent with or unsupported by applicable regulations."  Sapp, 623 F.3d at 823-24.

The Court finds that Plaintiff has failed to carry his burden.  While his statements and evidence suggest that he attempted to file a grievance on February 19, 2010, relating to the incident at issue, Plaintiff has failed to provide sufficient evidence to demonstrate that he "actually filed" a grievance that, if pursued through all levels, would have sufficed to exhaust his claim.  Plaintiff contends that his 602s disappeared and that he was forced to file directly with the Third Level.  He doesn't present any evidence, however, of the 602s that allegedly went missing.  More importantly, in recognizing that there may be valid situations where a prisoner may not have records of his attempts at exhaustion, Plaintiff has not explained why he doesn't have copies of the alleged 602s.  In other words, although Plaintiff provides evidence of his attempts at exhaustion beginning in July 2010, he fails to sufficiently explain the period from February 19, 2010, through July 2010.

Certainly, at least part of Plaintiff's failure to carry his burden is a direct result of his failure to oppose the motion.  Plaintiff was given two opportunities to oppose the motion.  In the October 2013 order to oppose, the Court specifically told Plaintiff that his "verified complaint and attached exhibits suggest that Plaintiff attempted to exhaust the 602 related to the incident at issue, and the parties should address whether an excuse to exhaustion existed."  ECF No. 30.  Perhaps Plaintiff could have

provided the Court with evidence that he actually gave the 602(s) to prison officials, or with a specific explanation as to why he didn't have copies.

Without further input from Plaintiff, however, the Court cannot conclude that Plaintiff has carried his burden.

E.     **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendant's Motion to Dismiss, filed June 11, 2013, be GRANTED; and

2.     This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **December 4, 2013**                            /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE